

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00400-CV

_____

IN THE INTEREST OF A.S. AND C.S., CHILDREN

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 2013-20522-158

Concurring Memorandum Opinion by Chief Justice Sudderth

**CONCURRING MEMORANDUM OPINION**

I realize that, generally speaking, trial judges do not prepare the orders that they sign. But that does not relieve judges of the obligation to read proposed orders before signing them.

It is clear from the record here that the judgment in question was a non-appealable order and that the trial judge did not intend it to be final. Yet, the judge signed an order stating, "This judgment is final and appealable."

We have held that it is incumbent for attorneys, like their clients, to read and understand what they sign:

> Words matter, in life but especially in law. Words are the essential tools of the legal profession. Because cases turn on the meaning of words, legal professionals understand that word choices have consequences. Accordingly, it is a standard of our profession to use words carefully and with precision. Abiding by this principle leads to the consistency, certainty, and predictability that we expect from the law.
>
> . . . .
>
> . . . It is well established that parties are held responsible for reading and understanding what they sign. We see no reason to hold attorneys to a lesser standard.

*In re Estate of Nielsen*, No. 02-17-00251-CV, 2018 WL 4625531, at *6 (Tex. App.—Fort Worth Sept. 27, 2018, pet. denied) (mem. op.) (citations omitted).

Nor should judges be held to a lesser standard. Indeed, judges must employ greater vigilance because judicial orders affect life, liberty, and property in permanent and significant ways. Doing so will not only foster respect for the law and the

judiciary but also save the parties (and the taxpayers) from the burden and expense of unnecessary appeals.

I wholeheartedly agree with the majority's assessment that "[d]espite the intent of *Lehmann* to fully address the issue of finality, the problem, as evident in this case, persists." *See, e.g., In re L.T.*, No. 02-19-00161-CV, 2019 WL 3334618, at *1–2 (Tex. App.—Fort Worth July 25, 2019, no pet.) (per curiam) (mem. op.) (dismissing appeal of self-contradictory order entitled "Interlocutory Final[1] Order"). But the solution to this problem is a simple one. Judges need to read orders before they sign them.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: November 14, 2019

---

[1]"Interlocutory" and "final" are mutually exclusive terms. An interlocutory order is one that is not final. *Interlocutory*, Black's Law Dictionary (5th ed. 1979) (defining "interlocutory" as "[p]rovisional; interim; temporary; not final"). A final order is one that is not interlocutory. *Final*, Black's Law Dictionary (5th ed. 1979) (defining "final" as "[l]ast; conclusive; decisive; definitive; terminated; completed," and stating that in its use in reference to legal actions, "this word is generally contrasted with 'interlocutory'").